Santry, J.
This is an action for libel. The complaint specifies five separate causes of action. In each of the first four causes of action there is set out a single article concerning the plaintiff alleged to have been published in the defendant’s newspaper. These four articles are alleged to have been published on different days during the months of October and November, 1947. In the fifth cause of action the plaintiff realleges the publication of all four of these articles. At the time of the alleged publication of the articles in question the plaintiff held the office of building inspector in the city of Schenectady and the defendant was the owner and publisher of the Schenectady Gazette, a daily newspaper published and circulated in the city of Schenectady and vicinity. The complaint alleges that all of the articles in question were falsely and maliciously published with intent to injure the plaintiff. The complaint contains no allegation of special damage.
The order and judgment under review were granted on a motion addressed to the sufficiency of the complaint. Hence all of the allegations set forth in the complaint must be regarded as true. This means that the statements contained in the published articles were false, and that the publications were maliciously made. The respondent contends that the articles were not libelous per se, and that their publication constituted fair criticism of a public official.
The contention that the defendant is protected by the doctrine of fair criticism is untenable, for the reason that the complaint alleges that the publications were made maliciously. Where there is actual malice fair comment or criticism is no defense. (Hoeppner v. Dunkirk Printing Co., 254 N. Y. 95.) This leaves for determination the single question whether the court can say as a matter of law that the published statements are not actionable per se.
No good purpose would be served by extensive quotations from the text of the alleged libelous articles. It will suffice to point out some of their pertinent features. In general the articles deal with the conduct of the plaintiff in his official capacity as building inspector. They make particular reference to his alleged failure to issue building permits for prefabricated *251 houses. They assert his failure and neglect to issue such permits. The articles comment on the plaintiffs action as “ bickering,” and state that if his refusal is arbitrary “ it should bring immediate action to obtain his removal.” In another instance one of the articles asks if there is to be no end to the public’s suffering “ because of the mismanagement of the building inspector’s office.” The following statements are also made about the plaintiff: that other city departments were required to resort to police court action “ Because the building inspector once again has fallen down on the job that the plaintiff refused “ flatly to follow orders ” and to grant a permit though directed to do so by his superiors; that “ complaints about the manner in which the building inspector’s office was being managed had reached a high point ” and “ Is the public to be the victim of a mismanaged Building Inspector’s Office indefinitely? ” “Any false accusation which dishonors or discredits a man in the estimate of the public or his friends and acquaintances or has a reasonable tendency so to do is libelous.” (Bennet v. Commercial Advertising Assn., 230 N. Y. 125, 127.)
In determining the effect of an alleged libelous publication the language must be given its ordinary and usual meaning in connection with the setting in which it is found. The test is the meaning that would be conveyed to the ordinary individual reading the article in question. (Neaton v. Lewis Apparel Stores, 267 App. Div. 728.) “ It has long been the rule that words charged to be defamatory are to be taken in their natural meaning and that the courts will not strain to interpret them in their mildest and most inoffensive sense to hold them nonlibelous.” (Mencher v. Chesley, 297 N. Y. 94, 99.)
A careful reading of these articles forces the conclusion that an ordinary individual might fairly interpret them as highly damaging to the plaintiff’s reputation, and if believed, that they would tend to expose him to the contempt and aversion of persons in the community. Whether they would have that effect is at least a question of fact which the plaintiff is entitled to have determined by a jury. The question should not be decided as a matter of law.
The order and judgment should be reversed, with costs.
Foster, P. J., Brewster and Bergax, JJ., concur; Heeferkau, J., dissents, and votes to affirm.
Order and judgment reversed, on the law, with costs. [See post, p. 1042.]